# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LAKE LIFE COTTAGES, LLC, a Michigan limited liability company<br><br>      Plaintiff,<br><br>v.<br><br>LAKE LIFE CABIN RENTALS & MANAGEMENT, LLC, a Michigan limited liability company<br><br>      Defendant. | Case No.: 25 – 13505 – CV<br><br>Honorable_____<br><br>Magistrate Judge_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

**NOW COMES** Plaintiff, Lake Life Cottages, LLC, by and through its undersigned attorney, Patrick D. Schefsky, and for its Complaint against Defendant, Lake Life Cabin Rentals & Management, LLC, states as follows:

1. Plaintiff, Lake Life Cottages, LLC, ("Plaintiff"), is a Michigan limited liability company with its principal place of business in East Tawas, Michigan, and its registered agent located at 1040 East Bay Street, East Tawas, Michigan 48730.

2. Defendant, Lake Life Cabin Rentals & Management, LLC, is a

Michigan limited liability company incorporated in Au Gres, Michigan, its principal place of business in the area of the Saginaw Bay, State of Michigan, and its registered office located at 625 Kenmoor Avenue Southeast, Suite 301 - #16, Grand Rapids, Michigan 49546.

## JURISDICTION AND VENUE

3. This action arises under the trademark laws of the United States. *See generally* 15 USC §1051 *et seq.* (containing federal law concerning Trademark Registration and Trademark Infringement).

4. This Court has original jurisdiction over this action pursuant to 28 USC §1331 and more particularly 28 USC §1338.

5. This Court has supplemental jurisdiction over any and all of plaintiff's claims brought in the instant action solely in accordance within the confines of 28 USC §1367, over Plaintiff's State law claims, because the Plaintiff's claims originate from the same issues and fact and/or factual circumstances as do Plaintiff's federal-law claims.

6. This Court has personal jurisdiction over the Defendant because Defendant committed the tortious conduct alleged in the State of Michigan, Defendant resides and/or was incorporated area in State Michigan subject to this Court's jurisdiction, has specifically directed its activities including the provision of services in Michigan, and has contracted to supply goods or services in Michigan.

7. Venue is proper in this Court under 28 USC 1391(b)(1) because both the defendant and the plaintiff are residents of the State of Michigan, residing in the immediate judicial district pursuant to 28 USC §1332.

8. Additionally, venue is proper in this Court under 28 USC 1391(b)(2) because the immediate judicial district is the one in which a substantial part of the events giving rise to Plaintiff's claim occurred, or is one in which a substantial part of property that is the subject of the action is situated.

## FACTUAL BACKGROUND

9. Plaintiff is a limited liability company organized and existing under the laws of the State of Michigan. **Exhibit 1**, Articles of Organization of Lake Life Cottages, LLC, (Oct. 1, 2021).

10. Plaintiff has its principal place of business located at 1040 East Bay Street, East Tawas, Iosco County, Michigan 48730. **Exhibit 1**, *supra* ¶ 9.

11. Defendant is a limited liability company organized and existing under the laws of the of the State Michigan, and has its principal place of business located at 2760 E. Booth Road, Au Gres, Arenac County, MI. The company was created on October 14, 2022. **Exhibit 2**, Articles of Organization of Lake Life Cabin Rentals & Property Management, LLC, (Oct. 14, 2022).

12. "Lake Life Cottages," as used on or in connection with the sale of "resort lodging services," is a federally-registered service mark owned by Plaintiff.

See United States Trademark Registration Number 7,614,283 (the "Registration"). **Exhibit 3**, Trademark Registration for Lake Life Cottages, LLC (Dec. 17, 2024).

13. Plaintiff is the owner and registrant of the Registration, which is admissible in evidence and is prima facie evidence of the validity of the Mark, of Plaintiff's ownership of the Mark, and of Plaintiff's exclusive right to use the registered Mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein. 15 USC 1115.

14. Plaintiff filed its Application (the "Application") to register the Mark with the United States Patent and Trademark Office ("PTO") on October 11, 2021 for the use of the Mark in connection with "Resort Lodging Services". **Exhibit 4**, Trademark/Service Mark Application, Principal Register, (Oct. 11, 2021).

15. Pursuant to 15 USC 1057(c), "the filing of the application to register such mark shall constitute constructive use of the mark, conferring a right of priority, nationwide in effect, on or in connection with the goods or services specified in the registration…"

16. The PTO issued a Nonfinal Office Action on July 29, 2022. The trademark examining attorney found no conflicting marks that would bar registration of Plaintiff's Mark, but refused registration on the basis of premature use. **Exhibit 5,** Nonfinal Office Action, (July 29, 2022). Plaintiff filed the Application under 15

USC 1051(a), which is intended for marks in use in commerce at the time of filing, whereas 15 USC 1051(b) permits an applicant with a bona fide intent to use the mark in commerce to file an application even though it has not yet been used in commerce. Amendment of the filing basis of an application is permitted under 37 CFR 2.35(b), and such amendment was suggested by the trademark examining attorney in the Nonfinal Office Action.

17. The statutory deadline to reply to the Nonfinal Office Action was January 30, 2023. Plaintiff.

18. Pursuant to 37 CFR 2.66, an applicant may revive an abandoned application for an unintentional delay in responding to an office action.

19. Prior to any Notice of Abandonment being issued, Plaintiff filed a Petition to Revive Abandoned Application for Failure to Respond Timely to Office Action ("Petition to Revive") on February 8, 2023, indicating the delay was unintentional. **Exhibit 6**, Petition to Revive Abandoned Application – Failure to Respond Timely to Office Action, (Feb. 8, 2023). The Petition to Revive included a response to the Nonfinal Office Action, which included an Amendment to the Filing Basis from 1051(a) to 1051(b).

20. The Application was revived on February 9, 2023. **Exhibit 7**, Notice of Revival (Feb. 9, 2023).

21. Plaintiff properly amended the application to a Section 1(b) "Intent to

Use" Application.

22. Revival restores the priority of the Mark to the original date of the filing of the Application as if the abandonment had not occurred.

23. The registration process continued, and the PTO issued a Notice of Publication on May 15, 2024, indicating that the Mark would be published in the Trademark Official Gazette ("TMOG") on June 4, 2024. **Exhibit 8**, Official USPTO Notice of Publication Under 12(a) (May 15, 2024).

24. The Mark was published in the TMOG on June 4, 2024. **Exhibit 9**, Trademark Official Gazette Publication Confirmation (June 4, 2024). There were no objections made to the Mark in the 30-day period allotted for same.

25. Plaintiff eventually filed a Statement of Use ("SOU") with the PTO on July 30, 2024, when it began using the Mark in connection with the services specified in the registration, namely Resort Lodging Services. **Exhibit 10,** Trademark/Service Mark Statement of Use (July 30, 2024).

26. The registration of Plaintiff's trademark was ultimately achieved on December 17, 2024. See **Exhibit 3**, *supra* ¶ 12. Notably, pursuant to 15 USC 1057(c), the registration has an indicated filing date of October 11, 2021.

27. The Plaintiff's priority date for purposes of trademark registration and enforcement regarding the Mark is October 11, 2021. 15 USC §1057(c).

28. Under the Mark "Lake Life Cottages," Plaintiff offers and sells resort

lodging services in the form of luxury boutique cottages in various configurations, including standard lakefront cottages, deluxe lakefront cottages, deluxe two-story cottages, and accessible lakeview cottages. The different levels of cottage have different amenities and square footage, with differing price points.

29.  During the pendency of the registration process, Defendant also began providing vacation lodging services in Au Gres, Michigan, in Arenac County, using Airbnb and other similar websites using the name "Cozy Home on Lake Huron" and various associated names similar thereto.

30.  Arenac County is contiguous and directly to the south of Iosco County, where Plaintiff is located.

31.  At some point after October 11, 2021, and upon information and belief at the most as early as 2022, Defendant began using the phrase "Lake Life Cabin Rentals" to market its vacation lodging services.

32.  Defendant's offerings under "Lake Life Cabin Rentals" consist of six cottages varying between three of a more traditional home construction and three A-frame cabins, situated along the northern shore of Saginaw Bay and the western shore of Lake Huron.

33.  Recently, Defendant has applied for and received membership in the Tawas Area Chamber of Commerce, an organization of which Plaintiff had already been a member. The result is that now there are two lodging services with the

primary name of "Lake Life" in one commercial organization. **Exhibit 11,** Portions of Member Listing of Tawas Area Chamber of Commerce (last accessed Sept. 18, 2025).

34. The businesses are in close proximity, being approximately 26.5 miles from each other in contiguous counties, both on Lake Huron.[1]

35. To market its services, Plaintiff uses the name "lakelifecottages.com."

36. To market its services, Defendant uses the name "lakelifecabinrentals.com."

37. There have been multiple actual instances of confusion between Plaintiff and Defendant since 2024.

38. Plaintiff offers a higher quality of service than the Defendant in terms of construction, amenities, and elegance. Any confusion which results in an association between the Plaintiff and the Defendant has the capacity to diminish the Plaintiff's brand.

39. When it became aware of actual confusion between it and the Defendant, Plaintiff, in accordance with its actual and substantive trademark and/or personal property rights, first sent a cease-and-desist letter to Defendant on or about April 25, 2025. **Exhibit 12**, Cease and Desist Letter Re: Trademark Infringement

---

[1] Plaintiff's services are located on Tawas Bay, and Defendant's are located on Saginaw Bay and Lake Huron, proper. All bodies of water concerned are a part of Lake Huron, within 30 miles of each other ostensibly along US-23.

(April 25, 2025).

40.    After sending its first Cease and Desist to Defendant, Plaintiff received no reply. In an event to stave off litigation, Plaintiff sent subsequent communication on or about May 22, 2025, again concerning the issue of infringement of Plaintiff's trademark rights. **Exhibit 13**, Cease and Desist Letter Re: Trademark Infringement (May 19, 2025).

41.    Defendant expressly refused to comply with the Plaintiff's demands. **Exhibit 14**, Email Responses from Defendant (May 2, 2025).

42.    Up to and until the date of filing the instant action and/or proceeding, Defendant has willfully continued to use the Plaintiff's registered trademark and personal property rights in its registered trademark.

<u>**COUNT I**</u>
<u>**LANHAM ACT**</u>
<u>**TRADEMARK INFRINGEMENT PURSUANT TO 15 USC 1114**</u>

43.    Plaintiff relies upon the allegations put forth above for this count.

44.    Plaintiff holds a valid registered federal trademark for "Lake Life Cottages".

45.    Plaintiff's valid registered federal trademark for "Lake Life Cottages" is prima facie evidence for Plaintiff's exclusive right to use the mark on or in connection with the goods or services specified in the registration pursuant to 15 USC 1115.

46. The names "Lake Life Cottages" and "Lake Life Cabin Rentals" are confusingly similar in appearance, sound, connotation, and commercial impression. The dominant portion of both trademarks are the words "Lake Life", which is identical in both trademarks. "Cottages" and "cabins" are interchangeable in colloquial speech, meaning the third word in both trademarks carries the same connotation and meaning[2]. Further, the addition of "rentals" is merely descriptive of services, and carries virtually no significance in distinguishing Defendant's trademark from Plaintiff's registered trademark.

47. The nature of the services provided by both Plaintiff and Defendant are sufficiently similar to cause confusion among consumers.

48. Plaintiff and Defendant are in direct competition for customers for their services.

49. The trade channels utilized by Plaintiff and Defendant to market their services are similar, and in some instances are identical (e.g. business websites, Facebook, the Tawas Area Chamber of Commerce, word of mouth).

50. The Plaintiff and Defendant offer their services using the respective names "Lake Life Cottages" and "Lake Life Cabin Rentals" within close

---

[2] Indeed, Merriam-Webster's Dictionary definition for "cottage" is "As in cabin", and its thesaurus marks "cabin" as the most relevant synonym. *Compare Cottage*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/thesaurus/cottage (last visited Sept. 2, 2025) *with Cabin*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/thesaurus/cabin last (visited Sept. 2, 2025).

geographical proximity.

51. The level of care that a prospective customer of the services offered by the Plaintiff and the Defendant will lead to a high likelihood of confusion.

52. There is a high probability of confusion between the marks.

53. There have been multiple instances of actual confusion regarding the marks.

54. Defendant is infringing on Plaintiff's trademark rights regarding the Mark.

55. Plaintiff has been damaged by Defendant's infringement of Plaintiff's trademark rights.

56. Pursuant to 15 USC 1117, Defendant is liable to the Plaintiff for Defendant's profits, any damages sustained by the Plaintiff trebled, and the costs of the action and reasonable attorney fees.

### COUNT II
### LANHAM ACT
### INJUNCTIVE RELIEF PURSUANT TO 15 USC 1116

57. Plaintiff relies upon the allegations put forth above for this count.

58. Plaintiff's valid registered trademark for "Lake Life Cottages" is prima facie evidence for Plaintiff's exclusive use of the mark pursuant to 15 USC 1115.

59. Defendant is infringing on the Plaintiff's mark.

60. Plaintiff is entitled to a rebuttable presumption of irreparable harm for

this violation pursuant to 15 USC 1116.

61. Plaintiff will suffer irreparable harm to its business, brand, and trademark by Defendant's continued use of the trademark.

62. Plaintiff is entitled to a permanent injunction to bar the Defendant from infringing on Plaintiff's trademark.

## COUNT III
## LANHAM ACT
## STATUTORY UNFAIR COMPETITION PURSUANT TO 15 USC 1125(a)

63. Plaintiff relies upon the allegations put forth above for this count.

64. Defendant is utilizing the words "Lake Life" in connection with commercial vacation rental services.

65. The Defendant's utilization of the words "Lake Life" in connection with commercial vacation lodging services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with the Plaintiff.

66. The Defendant's utilization of the words "Lake Life" in connection with commercial vacation lodging services is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of its services by Plaintiff.

67. Plaintiff has been and will continue to be damaged by the confusion caused by Defendant's use of the words "Lake Life" in connection with

commercial vacation lodging services, and Defendant is liable for same pursuant to 15 USC 1125(a).

## COUNT IV
## SUPPLEMENTAL JURISDICTION
## STATUTORY CONVERSION
## PURSUANT TO MICHIGAN COMPILED LAWS MCL 600.2919a

68.  Plaintiff relies upon the allegations put forth above for this count.

69.  Plaintiff holds a valid federal trademark for "Lake Life Cottages" in connection with resort lodging services.

70.  A trademark is personal property pursuant to the laws of the State of Michigan, and consequently the Mark is the personal property of the Plaintiff.

71.  An indispensable part of the Mark is the combination of the words "Lake Life" in connection with renting vacation lodging services in the State of Michigan.

72.  The federal trademark owned by the Plaintiff is prima facie evidence of its right to exclusive use.

73.  Defendant, without the permission of the Plaintiff, has been and continues to use the words "Lake Life" in connection with the marketing and providing of vacation lodging services in the State of Michigan.

74.  Defendant has no right to use the words "Lake Life" in connection with vacation lodging services in the State of Michigan.

75.  The Defendant's use of the words "Lake Life" in connection with

vacation lodging services is a distinct act of dominion wrongfully exerted over the Plaintiff's personal property in denial of and inconsistent with its rights therein.

76. Defendant is utilizing the Plaintiff's personal property for its own benefit.

77. Plaintiff has been damaged Defendant's utilization of the Plaintiff's personal property.

78. Defendant has converted Plaintiff's intangible personal property pursuant to Michigan law.[3]

79. Defendant's actions are the proximate cause of Plaintiff's damages.

80. Pursuant to MCL 600.2919a, Plaintiff is entitled to three times the amount of its actual damages, plus costs and reasonable attorney fees due to Defendant's conversion of Plaintiff's personal property.

## CLAIM FOR RELIEF

**WHEREFORE** the Plaintiff, Lake Life Cottages, LLC, respectfully requests that this Honorable Court grant the following relief:

A. Issue a temporary restraining order, preliminary injunction, and a permanent injunction restraining the Defendants from utilizing the name "Lake Life Cabin Rentals" in connection with its services pursuant to 15 USC 1116;

---

[3] See e.g., Miracle Boot Puller Co. v. Plastray Corp., 57 Mich. App. 443, 225 N.W.2d 800 (1975).

B.  Grant judgment in favor of the Plaintiff and against the Defendant for Defendant's profits, Plaintiff's actual damages multiplied by three, and costs and attorney fees associated with this action pursuant to 15 USC 1114;

C.  Grant judgment in favor of the Plaintiff and against the Defendant for Plaintiff's damages pursuant to 15 USC 1125(a);

D.  Grant judgment in favor of the Plaintiff and against the Defendant for Plaintiff's actual damages multiplied by three, as well as costs and reasonable attorney fees pursuant to MCL 600.2919a; and,

E.  Any further relief to which this Honorable Court deems Plaintiff is entitled and is just and proper under the circumstances.

Dated:  November 4, 2025                s/Patrick D. Schefsky
                                        Patrick D. Schefsky (P74082)
                                        Robert C. Corbett (P64033)
                                        POZNAK DYER KANAR
                                        SCHEFSKY THOMPSON PLC
                                        *Attorneys for Plaintiff*
                                        (989) 832-1770
                                        pschefsky@midlandmilawyers.com
                                        rcorbett@midlandmilawyers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LAKE LIFE COTTAGES, LLC, a Michigan limited liability company<br><br>   Plaintiff,<br><br>v.<br><br>LAKE LIFE CABIN RENTALS & MANAGEMENT, LLC, a Michigan limited liability company<br><br>   Defendant. | Case No.: 25 – 13505 – CV<br><br>Honorable_____<br><br>Magistrate Judge_____ |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

## INDEX OF EXHIBITS

**Exhibit 1** – Articles of Organization of Lake Life Cottages, LLC, (Oct. 1, 2021)

**Exhibit 2** – Articles of Organization of Lake Life Cabin Rentals & Property Management, LLC, (Oct. 14, 2022)

**Exhibit 3** – Trademark Registration for Lake Life Cottages, LLC (Dec. 17, 2024)

**Exhibit 4** – Trademark/Service Mark Application, Principal Register, (Oct. 11, 2021)

**Exhibit 5** – Nonfinal Office Action, (July 29, 2022)

**Exhibit 6** – Petition to Revive Abandoned Application – Failure to Respond Timely to Office Action, (Feb. 8, 2023)

**Exhibit 7** – Notice of Revival (Feb. 9, 2023)

**Exhibit 8** – Official USPTO Notice of Publication Under 12(a) (May 15, 2024)

**Exhibit 9** – Trademark Official Gazette Publication Confirmation (June 4, 2024)

**Exhibit 10** – Trademark/Service Mark Statement of Use (July 30, 2024)

**Exhibit 11** – Portions of Member Listing of Tawas Area Chamber of Commerce (last accessed Sept. 18, 2025)

**Exhibit 12** – Cease and Desist Letter Re: Trademark Infringement (April 25, 2025)

**Exhibit 13** – Cease and Desist Letter Re: Trademark Infringement (May 19, 2025)

**Exhibit 14 –** Email Responses from Defendant (May 2, 2025)

Dated:  November 4, 2025          /Patrick D. Schefsky
                                  Patrick D. Schefsky (P74082)
                                  Robert C. Corbett (P64033)
                                  POZNAK DYER KANAR
                                  SCHEFSKY THOMPSON PLC
                                  *Attorneys for Plaintiff*
                                  (989) 832-1770
                                  pschefsky@midlandmilawyers.com
                                  rcorbett@ midlandmilawyers.com

Page **2** of **2**